### LEON HAYES v. STATE.

No. 24115. October 20, 1948.
Rehearing Denied November 17, 1948.

Hon. Langston G. King, Judge Presiding.

*John E. Cahoon,* (on appeal only) and *Bailey P. Loften, both* of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for life.

The record is before us without any bills of exception or any objections to the court's charge, hence the only question presented for review is the sufficiency of the evidence. It was the State's theory, finding support in the evidence, that appellant shot and killed the deceased while he, the deceased, was running away in an effort to avoid being killed. There seems to be no question that appellant did the shooting; that immediately after the shooting he left Houston and went to Walker County where he was arrested six days later at which time he told the officers where the pistol with which he did the shooting was located; that as a result of said information they found a .25 caliber Japanese made pistol at the place indicated. The bullet taken from the body of the deceased, according to the testimony of ballistic experts, was fired from that pistol.

In his brief, appellant contends that if he is guilty of any offense, he would be guilty only of murder without malice or manslaughter, and cites us to a number of cases as supporting his contention. Those cases to which he refers were decided by the court when we had degrees of murder and manslaughter,

but said statutes were repealed and we now have no degrees of murder, hence the cases to which he refers have no application here.

We have carefully read the record and believe that the evidence is ample to sustain his conviction, therefore the judgment of the trial court is in all things affirmed.

Opinion approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant's motion for rehearing discusses the great confusion in the testimony of the various witnesses. The killing took place between a beer joint and a package store. There is sufficient evidence to indicate that the killing was the result of drunkenness and the circumstances are typical of such cases. The motion challenges the statement that there is evidence to support the State's theory that appellant shot and killed the deceased while he was running away in an effort to avoid being killed. Both the justice of the peace and the undertaker testified that the bullet wound was on the left breast, in the front of the body. This is relied upon to contradict the statement in the opinion above complained of.

We have carefully examined the record again and think that the evidence of the State's witness Jimmie Strowman amply justifies the statement. It is quite possible that while the deceased was trying to flee from the scene he turned in a position to receive the shot from his left. While the bullet entered on the left side, it was lodged in a lobe of the right lung, indicating that it was not shot from directly in front but somewhat to his left. This by no means denies the State's theory which is based on the evidence of the witness Jimmie Strowman.

Considering the entire record, we fail to find support for appellant's contention that the evidence was without dispute that he entered the conflict to save the life of a friend. It is disputed on this question and the jury has decided the disputed issue against appellant.

The motion for rehearing is overruled.